*Pirtle, Dombitz & Wehle,* for appellant.
*Bodley & Simrall,* for appellee.

---

## T. C. BLACKWELL *v.* R. L. BYRNE.

**Set-off and Counter-claim—Action On—Claim for Damages—Contracts of Builders.**

Though a plaintiff may, under Civil Code, sections 38 and 126, sue defendants jointly or severally, a claim for damages presented by a counterclaim, for defective work, is not a right of action in either of them separately, but jointly.

**Same—Parties—Demurrer.**

The counter-claim as pleaded by one defendant alone, was not maintainable, it not being a complete cause of action in favor of the party pleading it, and the demurrer should have been sustained.

APPEAL FROM UNION CIRCUIT COURT.

October 28, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This action was brought by the appellant against R. L. Byrne for the recovery of $112.37 as a balance of a joint demand against him and T. S. Chapman upon a contract for building a house, which as alleged had been ascertained by a parol arbitration and award. The defendant by his answer pleaded a counter-claim, on which he sought a recovery over against the plaintiff, without making Chapman a party, for damages sustained by them, in consequence of a defective performance of the contract to build the house, in certain particulars, which he alleged, were by the plaintiff, fraudulently concealed from the defendant and the arbitrators, and therefore not considered by the latter.

The answer and counter-claim were adjudged sufficient on demurrer, and a trial of the case resulted in a verdict and judgment for the defendant for $200, from which the court having refused to grant a new trial, this appeal is prosecuted. Although, under section *38* of the Civil Code of Practice, the plaintiff might at his option have sued either Byrne or Chapman separately, or both of them jointly, upon his joint demand against them, as the claim for damages presented by the counter-claim, was not a right of action in either of them separately, but jointly in them both, the counter-claim as pleaded by the appellee alone, without bringing Chapman before the court, was not maintainable, because it was not a complete cause of action in favor of the party pleading it; (Civil Code, Sec. 126); and for that reason the demurrer of the plaintiff should have been sustained.

The court also erred in permitting the defendant to examine Chapman as a witness in his behalf. If Chapman had in fact been released from responsibility to the plaintiff, as implied by his statement upon his *voir dire,* he was still certainly interested in the claim for damages asserted by the counter-claim against the plaintiff.

Wherefore the judgment is reversed and the cause remanded for a new trial and proceedings conformible to this opinion.

*Bush, for appellant.*
*James, for appellee.*